UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:05-CR-32 |
| v. ) | JUDGE PHILLIPS/GUYTON |
| ) | |
| JEREMY ROBBINS, ) | |
| ) | |
| Defendant. ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging JEREMY ROBBINS with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of one-thousand (1,000) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and distribute and possess, with intent to distribute, hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1); in Count Two, conspiracy to commit money laundering offenses in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i); and in Count Three, possession of firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and 2.

WHEREAS, in the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 U.S.C. § 853, in, among other things, the property described below which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of the offense charged in, among other things, Counts One, Two and Three of the Second Superseding Indictment or was property used in any manner or part, to commit, or to facilitate the commission of said offense:

### Currency

(a) $92,180.00 in United States currency; and

(b) $58,021.00 in United States currency.

### Real Property

(a) The residence located at 3490 Old Kentucky Road, Hamblen County, Morristown, Tennessee, in the name of Jeremy Daniel Robbins by virtue of unrecorded Warranty Deed dated August 18, 2004, from Sidney Douglas Adams and wife, Sheila M. Adams, being the same property conveyed to Sidney Douglas Adams and Sheila M. Adams by deed of Sidney Adams, dated August 18, 1995, of record in Warranty Deed book W426, Page 530, in the Register's office for Hamblen County, Tennessee.

### Vehicles

(a) 2000 VW Passat, VIN WVWMA23B2YP159502;

(b) Z-4 Mini Sport Bike, serial no: XYRPX0433010215, model no: GS-31A;

(c) 1971 Chevrolet Truck, VIN CE141S620762;

(d) 1999 Ford Truck F-250, VIN 1FTNX21F9XEA74949;

(e) 2002 Honda Foreman 4-Wheeler TRX500F A2;

(f) 2004 Honda Motorcycle 70cc, VIN JH2DE02034K709815;

(g) 2002 Yamaha Motorcycle 225c, VIN 9C6CG6043220008108;

(h) 1998 Dodge Van, VIN 1B4GP54LXWB628847;

(i) Dune Buggy Go-Cart, model no.: 495B-09, frame serial no.: 1046237, engine serial no.: 213696;

### Electronic Equipment

(a) Sony Home Theater System with cables and six speakers, serial no.: 9007335;

(b) Phillips VHS/VCR, serial no.: 18580465;

(c) Sony DVD Player, serial number 2158764;

(d) Sony Digital Audio/Video Receiver, serial no.: 8874146;

(e) Emerson VHS/VCR, serial no.: 163-41130940;

(f) Yamaha Digital Home Theater System;

(g) Samsung Security System, consisting of three digital cameras and one Samsung Digital Home Security camera, serial no.: SOD14C, one Samsung Security Monitor, serial no.: 35XWB03765E, and one Samsung 1280 Time Lapse VCR, serial no.: 61CWC05176V/SSC;

(h) AKAI big-screen TV, serial no.: 39ZT452753B, model no.: PT5492;

(i) Hewlett Packard Pavilion Computer, model no.: A475C, Tower, serial no.: MXK40817D6, Hispanic Pavilion Monitor F1903, Keyboard, Printer and Scanner;

**Firearms**

(a) Spa Luigi Franch-Brescia 20-gauge Shotgun, serial no.: L00230;

(b) Winchester Ranger 30/30 Rifle, serial no.: 6122500;

(c) Derringer .22-Caliber Revolver, serial no.: V76484

**Miscellaneous**

(a) Oxbow Safe, serial no.: 5213015

AND WHEREAS, on September 13, 2006, the Defendant, JEREMY ROBBINS, pled guilty to, among other things, Count One charging him with violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in the following properties in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest therein:

**Currency**

3

(a) $92,180.00 in United States currency; and

(b) $58,021.00 in United States currency.

### Real Property

(a) The residence located at 3490 Old Kentucky Road, Hamblen County, Morristown, Tennessee, in the name of Jeremy Daniel Robbins by virtue of unrecorded Warranty Deed dated August 18, 2004, from Sidney Douglas Adams and wife, Sheila M. Adams, being the same property conveyed to Sidney Douglas Adams and Sheila M. Adams by deed of Sidney Adams, dated August 18, 1995, of record in Warranty Deed book W426, Page 530, in the Register's office for Hamblen County, Tennessee.

### Vehicles

(a) 2000 VW Passat, VIN WVWMA23B2YP159502;

(b) Z-4 Mini Sport Bike, serial no: XYRPX0433010215, model no: GS-31A;

(c) 1971 Chevrolet Truck, VIN CE141S620762;

(d) 1999 Ford Truck F-250, VIN 1FTNX21F9XEA74949;

(e) 2002 Honda Foreman 4-Wheeler TRX500F A2;

(f) 2004 Honda Motorcycle 70cc, VIN JH2DE02034K709815;

(g) 2002 Yamaha Motorcycle 225c, VIN 9C6CG6043220008108;

(h) 1998 Dodge Van, VIN 1B4GP54LXWB628847;

(i) Dune Buggy Go-Cart, model no.: 495B-09, frame serial no.: 1046237, engine serial no.: 213696;

### Electronic Equipment

(a) Sony Home Theater System with cables and six speakers, serial no.: 9007335;

(b) Phillips VHS/VCR, serial no.: 18580465;

(c) Sony DVD Player, serial number 2158764;

(d) Sony Digital Audio/Video Receiver, serial no.: 8874146;

(e) Emerson VHS/VCR, serial no.: 163-41130940;

(f) Yamaha Digital Home Theater System;

(g) Samsung Security System, consisting of three digital cameras and one Samsung Digital Home Security camera, serial no.: SOD14C, one Samsung Security Monitor, serial no.: 35XWB03765E, and one Samsung 1280 Time Lapse VCR, serial no.: 61CWC05176V/SSC;

(h) AKAI big-screen TV, serial no.: 39ZT452753B, model no.: PT5492;

(i) Hewlett Packard Pavilion Computer, model no.: A475C, Tower, serial no.: MXK40817D6, Hispanic Pavilion Monitor F1903, Keyboard, Printer and Scanner;

### Firearms

(a) Spa Luigi Franch-Brescia 20-gauge Shotgun, serial no.: L00230;

(b) Winchester Ranger 30/30 Rifle, serial no.: 6122500;

(c) Derringer .22-Caliber Revolver, serial no.: V76484

### Miscellaneous

(a) Oxbow Safe, serial no.: 5213015

AND WHEREAS, on September 13, 2006, this Court accepted the guilty plea of the defendant, JEREMY ROBBINS, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of defendant, JEREMY ROBBINS, under, among other things, 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(C), the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853:

**Currency**

    (a)    $92,180.00 in United States currency; and

    (b)    $58,021.00 in United States currency.

**Real Property**

    (a)    The residence located at 3490 Old Kentucky Road, Hamblen County, Morristown, Tennessee, in the name of Jeremy Daniel Robbins by virtue of unrecorded Warranty Deed dated August 18, 2004, from Sidney Douglas Adams and wife, Sheila M. Adams, being the same property conveyed to Sidney Douglas Adams and Sheila M. Adams by deed of Sidney Adams, dated August 18, 1995, of record in Warranty Deed book W426, Page 530, in the Register's office for Hamblen County, Tennessee.

**Vehicles**

    (a)    2000 VW Passat, VIN WVWMA23B2YP159502;

    (b)    Z-4 Mini Sport Bike, serial no: XYRPX0433010215, model no: GS-31A;

    (c)    1971 Chevrolet Truck, VIN CE141S620762;

    (d)    1999 Ford Truck F-250, VIN 1FTNX21F9XEA74949;

    (e)    2002 Honda Foreman 4-Wheeler TRX500F A2;

    (f)    2004 Honda Motorcycle 70cc, VIN JH2DE02034K709815;

    (g)    2002 Yamaha Motorcycle 225c, VIN 9C6CG6043220008108;

    (h)    1998 Dodge Van, VIN 1B4GP54LXWB628847;

6

Case 3:05-cr-00032-TAV-HBG   Document 333   Filed 09/20/06   Page 6 of 9   PageID #: 251

(i)  Dune Buggy Go-Cart, model no.: 495B-09, frame serial no.: 1046237, engine serial no.: 213696;

**Electronic Equipment**

(a)  Sony Home Theater System with cables and six speakers, serial no.: 9007335;

(b)  Phillips VHS/VCR, serial no.: 18580465;

(c)  Sony DVD Player, serial number 2158764;

(d)  Sony Digital Audio/Video Receiver, serial no.: 8874146;

(e)  Emerson VHS/VCR, serial no.: 163-41130940;

(f)  Yamaha Digital Home Theater System;

(g)  Samsung Security System, consisting of three digital cameras and one Samsung Digital Home Security camera, serial no.: SOD14C, one Samsung Security Monitor, serial no.: 35XWB03765E, and one Samsung 1280 Time Lapse VCR, serial no.: 61CWC05176V/SSC;

(h)  AKAI big-screen TV, serial no.: 39ZT452753B, model no.: PT5492;

(i)  Hewlett Packard Pavilion Computer, model no.: A475C, Tower, serial no.: MXK40817D6, Hispanic Pavilion Monitor F1903, Keyboard, Printer and Scanner;

**Firearms**

(a)  Spa Luigi Franch-Brescia 20-gauge Shotgun, serial no.: L00230;

(b)  Winchester Ranger 30/30 Rifle, serial no.: 6122500;

(c)  Derringer .22-Caliber Revolver, serial no.: V76484

**Miscellaneous**

(a)  Oxbow Safe, serial no.: 5213015

2. That the aforementioned property is to be held by the United States Marshals Service in their secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

_Thomas H. Phillips_
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: _[signature]_
HUGH B. WARD, JR.
Assistant U.S. Attorney

_[signature]_
JEREMY ROBBINS
Defendant

_[signature]_
JAMES A. H. BELL
Attorney for Jeremy Robbins

9